Honorable Timothy W. Dore
Chapter: 13
Hearing Location: Room 8106
Hearing Date: 9/16/2020
Hearing Time: 9:30 AM
Response Date: 9/9/2020

# UNITED STATES BANKRUPTCY COURT

# WESTERN DISTRICT OF WASHINGTON (SEATTLE)

| In re | Case No. 20-11546-TWD |
|---|---|
| HARPREET SINGH DBA RAINBOW ROOFING COMPANY, | Chapter 13 |
| Debtor. | OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN |

Amos Financial LLC[1] ("Creditor"), hereby objects to confirmation of the Chapter 13 Plan filed by Debtor in the above-referenced matter. The basis of the objection is stated below.

## I. STATEMENT OF FACTS

1. On or about June 2, 2008 Debtor and Ranjeet Kaur executed a Promissory Note in the original principal amount of $34,500.00 (the "Note"). The Note is secured by a Deed of Trust encumbering real property commonly described as 11925 SE 238TH Place, Kent, WA 98031 (the "Property"), which is more fully described in the Deed of Trust.

2. Subsequently, all right, title and interest under the Note and Deed of Trust was assigned to Creditor.

---

[1] This Objection to Confirmation of Chapter 13 Plan shall not constitute a waiver of the within party's right to receive service pursuant to Fed. R. Civ. P. 4, made applicable to this proceeding by Fed. R. Bankr. P. 7004, notwithstanding Aldridge Pite, LLP's participation in this proceeding. Moreover, the within party does not authorize Aldridge Pite, LLP, either expressly or impliedly through Aldridge Pite, LLP's participation in this proceeding, to act as its agent for purposes of service under Fed. R. Bankr. P. 7004.

OBJECTION TO CONFIRMATION - 1

**ALDRIDGE PITE, LLP**
4375 Jutland Drive; P.O. Box 17933
San Diego, CA 92177
(858) 750-7600

Case 20-11546-TWD    Doc 34    Filed 08/31/20    Ent. 08/31/20 10:17:25    Pg. 1 of 5

3.     On or about May 31, 2020, Debtor filed a Chapter 13 bankruptcy petition. Debtor's Amended Chapter 13 Plan ("Plan") provides for payments to the Trustee in the amount of $3,210.00 per month for 36 months. The Plan does not provide for payment on Creditor's claim. Instead, the Plan proposes to avoid Creditor's lien by filing an adversary and objection to claim.

4.     Creditor filed is Proof of Claim on July 17, 2020. The pre-petition arrearage on Creditor's secured claim totals $21,458.33, and the total secured claim amount is $40,515.44. Post-petition payments are due in the amount of $225.11. *See* Claims Register, Claim 7-1.

5.     On August 4, 2020, the Court entered an Order Denying Confirmation providing Debtor must initiate an Adversary Proceeding against Creditor by August 21, 2020 if he intended to avoid the line. *See* Dkt.23.

6.     As of the date of this Objection, Debtor has not initiated an adversary proceeding.

## II.     ARGUMENT

Application of the provisions of 11 U.S.C. § 1325 and determines when a plan shall be confirmed by the Court. Based on the above sections, as more fully detailed below, this Plan cannot be confirmed as proposed.

### A.     IMPERMISSIBLE MODIFICATION

Pursuant to 11 U.S.C. § 1322(b)(2), the plan may "modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence . . . ." The Bankruptcy Appellate Panel has held that, although a "Chapter 13 Plan may modify the rights of a creditor whose only security is the debtor's residence to the extent of curing a default within a reasonable time," withholding current installment payments created rather than cured a default. In re Gavia, 24 BR 573, 575 (9th Cir. BAP 1982). The creation of a default was a modification of the creditor's rights and thus precluded confirmation of the plan in each case.

Recognizing that delay of payments is a modification of the creditor's rights is consistent with the Supreme Court's view of "rights" that cannot be modified under Section 1322(b)(2). The Court pointed out that a creditor's rights

> "are reflected in the relevant mortgage instruments, which are enforceable under [state] law. They include the right to repayment of the principal in

OBJECTION TO CONFIRMATION - 2

**ALDRIDGE PITE, LLP**
4375 Jutland Drive; P.O. Box 17933
San Diego, CA 92177
(858) 750-7600

Case 20-11546-TWD    Doc 34    Filed 08/31/20    Ent. 08/31/20 10:17:25    Pg. 2 of 5

monthly payments over a fixed term at specified adjustable rates of interest . . . "

<u>Nobleman v. American Savings Bank</u>, 508 US 324, 329 (1993). The Court noted that, although the Bankruptcy Code itself affects the creditor's contractual rights, particularly its power to enforce its rights, the statutory limits are independent of the Chapter 13 plan. 508 US at 330. The law prohibits the plan from affecting the secured creditor's rights, including the right to monthly payments as provided in the contract.

Here, the Property appears to be Debtor's principal residence, and the Plan does not propose to make any payments to Creditor. Because Debtor's Plan proposes to create a default by withholding periodic payments to the mortgage holder, it modifies the creditor's rights in violation of Section 1322(b)(2) and cannot be confirmed.

### B. PROMPT CURE OF ARREARS FULL VALUE REQUIREMENT

Pursuant to 11 U.S.C. § § 1322(b)(5) and 1325(a)(5)(B)(ii), a plan must provide for the cure of arrears within a reasonable time and provide for continuing payments on a secured claim where the last payment is due after the date which the final plan payment is due.

Arrears owed on Creditor's claim totals $21,458.33, but the plan fails to provide for the repayment of arrears. Debtor will have to amend the Plan and provide for the Trustee to disburse arrears payments to Creditor in the approximate amount of $358.00 monthly in order to cure pre-petition arrears over 60 months.

Finally, Debtor proposes to avoid the lien. Based on Debtor's schedules, the Property is valued at $435,000.00. The first mortgage has an approximate balance of $270,624.16 (*See* Claim 6-1). Creditor's lien is secured in the amount of $40,515.44. There is more than enough equity in the property to which Creditor's lien can attach. Accordingly, Debtor needs to provide for Creditor's claim through the Plan. Further, Debtor failed to comply with the Order Denying Confirmation requiring Debtor to initiate an lien avoidance Complaint by August 21, 2020. Debtor should precluded from attempting to avoid the lien due to failure to comply with the Order.

As proposed, the Plan fails to satisfy 11 U.S.C. § § 1322(b)(2), (5) and 1325(a)(5)(B)(ii), and is not feasible. Confirmation must be denied.

OBJECTION TO CONFIRMATION - 3

**ALDRIDGE PITE, LLP**
4375 Jutland Drive; P.O. Box 17933
San Diego, CA 92177
(858) 750-7600

Case 20-11546-TWD    Doc 34    Filed 08/31/20    Ent. 08/31/20 10:17:25    Pg. 3 of 5

WHEREFORE, Creditor respectfully requests:

i. That confirmation of the Debtor's Chapter 13 Plan be denied and Debtor be ordered to file a Motion to Confirm Amended Plan within 14 days;

ii. Alternatively, that the Plan be amended to provide for the cure of arrears owed to Creditor within a period not exceeding 60 months and for post-petition payments; and

iii. For such other and further relief as this Court deems just and proper.

Respectfully submitted,

ALDRIDGE PITE, LLP

Dated: August 28, 2020

/s/Lesley Bohleber
LESLEY D. BOHLEBER
Attorneys for Amos Financial LLC

OBJECTION TO CONFIRMATION - 4

**ALDRIDGE PITE, LLP**
4375 Jutland Drive; P.O. Box 17933
San Diego, CA 92177
(858) 750-7600

Case 20-11546-TWD    Doc 34    Filed 08/31/20    Ent. 08/31/20 10:17:25    Pg. 4 of 5

# CERTIFICATE OF SERVICE

On August 31, 2020, I caused the foregoing OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN to be served on the following individuals by depositing true copies thereof in the United States mail, enclosed in a sealed envelope, with postage paid, addressed as follows:

**DEBTOR(S)**

Harpreet Singh
2511 Waterfall Lane
Corona, CA 92882

The following parties were served by electronic means through the Court's ECF service:

**DEBTOR(S) ATTORNEY**
Kevin T. Helenius

**CHAPTER 13 TRUSTEE**
Jason Wilson-Aguilar

I certify under penalty of perjury that the foregoing is true and correct.

Dated: August 31, 2020          /s/ Shannon Kilgore
                                SHANNON KILGORE

OBJECTION TO CONFIRMATION - 5

**ALDRIDGE PITE, LLP**
4375 Jutland Drive; P.O. Box 17933
San Diego, CA 92177
(858) 750-7600

Case 20-11546-TWD    Doc 34    Filed 08/31/20    Ent. 08/31/20 10:17:25    Pg. 5 of 5